The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications.
Defendants have moved to strike plaintiff's Exhibit #5 to the deposition of Mr. Fred Bridges, as this exhibit was never offered at the initial hearing and does not constitute newly discovered evidence. While the Full Commission could, in its discretion, consider the new evidence, in the case at hand, the undersigned feel that, as the evidence was available at the time of the initial hearing and was not submitted for consideration, it would be unfair to and unduly prejudicial to defendants to allow a late admission of this document. Accordingly, defendant's motion to strike is HEREBY ALLOWED.
Even assuming, arguendo, that the Exhibit #5 were allowed into consideration, the document would merely go toward the credibility of the parties, and the undersigneds' finding that Mr. Fred Bridges' version of events is more credible than that of the plaintiff remains unchanged, even considering completely the document in question. The undersigned agree with Deputy Commission Holmes' credibility determination.
The Full Commission, have therefore, in their discretion, determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. At the time of the asserted injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff-employee and defendant-employer.
3. Liberty Mutual Insurance Company was the carrier on the risk.
4. The employee-plaintiff has been paid temporary total disability benefits for the period of September 21, 1994, through November 14, 1994.
5. The parties have stipulated plaintiff's medical records into evidence.
6. The plaintiff's average weekly wage was $260.00 as set forth on an approved Form 21 Agreement.
7. All applicable Industrial Commission forms, including Forms 18, 19, 21, 33, and 33R, are received into evidence.
 ***********
BASED UPON all of the competent, credible, and convincing evidence of record, the undersigned make the following additional
 FINDINGS OF FACT
1. On September 20, 1994, plaintiff was working for defendant-employer when she sustained an admittedly compensable injury by accident.
2. The plaintiff was paid all temporary total disability benefits due until she returned to work on November 14, 1994.
3. The plaintiff was released to return to work by Dr. Buter on November 14, 1994, with no restrictions.
4. The plaintiff returned to work on November 14, 1994, and continued regular-duty work until March 8, 1995, when she was placed on light-duty work restrictions by Dr. Buter. These restrictions included left arm limitations of no lifting over ten (10) pounds, no pushing or pulling, and no reaching above the shoulder.
5. The defendant-employer provided suitable work within these restrictions given by Dr. Buter. This work included the wiping down, sanitizing, and dusting of the multiple fountains, windows, eye-wash stations, and fire extinguishers. The work environment is extremely large, having several hundred fire extinguishers, nineteen (19) to thirty (30) eye-wash stations, as well as numerous windows and water fountains. The plant is an industrial environment, generating great amounts of dust and related air particles; and this position was necessary to the operation of the plant.
6. The plaintiff's last day of work for defendant-employer was May 9, 1995.
7. The plaintiff called in to say she would be late on May 8, 1995, but never came into work; on May 10, 1995, plaintiff's mother called to say plaintiff would be late, but she did not show up; on May 11, 1995, plaintiff did not come into work and did not call; and on May 12, 1995, plaintiff's sister called in at approximately 4:30 p.m. to say plaintiff would be late, but plaintiff never showed up for work.
8. The plaintiff had no further contact with the defendant-employer until she reported to the Charlotte office on May 18, 1995, at which time she picked up her pay check and turned in her identification badge and parking pass.
9. The plaintiff voluntarily ended her employment with defendant-employer on May 9, 1995. Evidence and testimony to the contrary are not accepted as credible or convincing by the undersigned.
10. The plaintiff next worked with Red Roof Inns on July 12, 1995.
11. The employee-plaintiff worked without incident for Red Roof Inns for a number of weeks. During that time period, employee-plaintiff was able to perform the duties of her job at Red Roof Inn. On October 7, 1995, plaintiff returned to the doctor, stating that she had aggravated her shoulder problems. New restrictions were assigned.
12. The plaintiff last worked for Red Roof Inns on October 5, 1995.
13. On October 7, 1995, Dr. Wheeler restricted the employee-plaintiff to no work using her left arm.
14. The defendant-employer had light-duty employment within the restrictions assigned by Dr. Wheeler and would have accommodated employee-plaintiff had she not voluntarily left her employment on May 9, 1995.
15. The one-handed employment, which included the wiping down, sanitizing, and dusting, was within the restrictions assigned by Dr. Wheeler. This job was a necessary and full-time position which had to be performed for the operation of the plant.
 **********
BASED UPON the foregoing findings of fact and conclusions of law, the undersigned make the following
 CONCLUSION OF LAW
1. The plaintiff voluntarily left her employment with defendant-employer, where she was given suitable work within her work restrictions. Therefore, plaintiff has unjustifiably refused employment suitable to her capacity and is not entitled to further compensation under the North Carolina Workers' Compensation Act for the period that her unjustified refusal continues. N.C.G.S. § 97-32.
 ***********
BASED UPON the foregoing findings of fact and conclusion of law, the undersigned make the following
 AWARD
1. Plaintiff's claim for further compensation at this time pursuant to the North Carolina Workers' Compensation Act must be, and the same is hereby DENIED.
2. Each side shall bear its own costs, except the defendants shall pay an expert witness fee of $300.00 to Dr. Anthony H. Wheeler.
 ***********
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the ___ day of October, 1998.
 S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER